## Humphries v. Humphries.

(Decided May 11, 1926.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1.  Divorce.—Under Ky. Stats., section 2121, divorce from bed and board may be granted for less cause than warrants an absolute divorce.
2.  Divorce.—Evidence of husband's unjust charges and unjustifiable complaints concerning wife's fidelity held to warrant divorce from bed and board, under Ky. Stats., section 2121.
3.  Divorce—Wife with Five Children, Having Income of Small Store, Held Entitled to $35.00 Monthly Property Rental, and, in Addition, $7.50 a Week for Alimony, and $10.00 a Week for Support of Children, from Husband's Earnings of $150 per Month.—Wife, maintaining five children, one of whom was self-supporting, receiving income of small store, and $35.00 monthly rental from jointly owned property, held entitled to receive, in addition, $10.00 a week for maintenance of children and $7.50 per week alimony, from husband's earnings, amounting to $150 per month.
4.  Divorce—Plaintiff Wife Held Not at Fault to Extent Justifying Denial of Costs and Attorney's Fees.—Plaintiff wife, whose complaints about husband's drinking were just cause of friction, held not guilty of such fault as to warrant denial of her costs and attorney's fees in action for divorce from bed and board.

HENRY J. TILFORD for appellant.

W. S. HEIDENBERG for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Marie E. Humphries sued her husband, Thomas W. Humphries, for a divorce from bed and board, and for alimony and the maintenance of their infant children. The grounds of divorce were cruelty and drunkenness. The defendant filed an answer and counterclaim denying the charges and seeking to recover certain real estate which he alleged he had paid for but which was held in

plaintiff's name. On final hearing the divorce and alimony were denied, and the plaintiff was required to pay her own costs. However, the court directed the defendant to pay plaintiff $7.00 a week for maintenance of their five children, and awarded her the rent from a piece of property located on the north side of Madison street in Louisville, and jointly owned by her and the defendant. Plaintiff appeals.

The following is a brief summary of the evidence: Appellant and appellee have been married for a number of years and they have five children, all of whom are infants. They are both industrious and thrifty. She not only conducts a small store and takes in sewing, but looks after the children. He drives a bakery wagon and makes about $150.00 a month. He goes on duty at midnight and works until noon the next day, and returns in the afternoon, but at varying hours. She owns a small piece of property on which there is a substantial mortgage. They are joint owners of the Madison street property which rents for $35.00 a month. Out of this she is required by the judgment to pay the taxes, insurance, etc.

According to appellant and her witnesses, appellee frequently came home intoxicated. While in this condition he would swear and complain that certain things had not been done. He also accused her of being in love with this man and that. On one occasion he told her that if she were the wife of another man he would knock her through the wall. He never attempted to strike her but the once. There is also evidence that on two or three occasions appellee was drunk. On the other hand, appellee claimed that he had never been drunk but once. He stated that he was in the habit of taking two or three drinks a week on account of his rheumatism. His employer and fellow workers also swore that they had never seen him drunk. He admits that he got angry because his wife moved his bed, but said any man would do that. His chief complaint of her is that she was polite and cordial to the drummers and customers who came to the store, but never paid any attention to him. Appellant claims that the only time that she had nothing to do with him was when he was drinking.

It is doubtless true that appellee's employer and fellow workers never saw him intoxicated as he was not in the habit of drinking while on duty. However, the evidence justifies the conclusion that after he quit work and before he returned home he was in the habit of taking

one or more drinks, and this was the chief cause of the friction between him and his wife. Because of his drinking and constant abuse and complaints she was inclined to ignore him. This made him angry and he retaliated with the suggestion that she was in love with other men, when, as a matter of fact, there was no basis for the charge.

Section 2121, Kentucky Statutes, provides:

"Judgment for separation or divorce from bed and board may also be rendered for any of the causes which allow divorce, or for such other cause as the court in its discretion may deem sufficient."

By virtue of this statute the court is authorized to grant a separation for less cause than is required to obtain an absolute divorce, Zumbiel v. Zumbiel, 113 Ky. 841, 69 S. W. 708, and we are constrained to the view that appellee's attitude towards his wife was accompanied by such unjust charges and such frequent and unjustifiable complaints as to authorize a divorce from bed and board "for such other cause as the court in its discretion may deem sufficient."

Taking up the question of alimony and maintenance we find that the wife receives a small income from her store and sewing, and that she has been allowed the monthly rent of $35.00 from the Madison street property after the payment of taxes, repairs, etc., and the further sum of $7.00 a week for the maintenance of the children, only one of whom is self-supporting. The result is that the wife with an income not exceeding $60.00 or $70.00 a month is required to take care of herself and at least four of the children, while appellee has an income of $120.00 a month with no one to provide for but himself. It seems to us that this is not a fair division, and that appellee should be required to pay at least $10.00 a week for the maintenance of the children and the further sum of $7.50 a week as alimony to appellant.

We are also of the opinion that appellant was not guilty of such fault as would authorize a denial of costs, including a reasonable fee for her attorney.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.